### TERRITORY v. MEYERS et al.

Third Division.   Valdez.   December 29, 1923.

No. 1148.

**1. Parties ☞84(6)—Pleadings—Demurrer—New Parties.**

At common law a demurrer for want of necessary parties defendant was required to point out, either by name or in some other definite way, from the facts stated in the bill, those who should have been, and who were not, made parties to the suit, so as to enable the plaintiff to obviate the objection by bringing them in (Story, Eq. Pl. § 243), and this rule has not been abrogated by the provisions of the Code.

**2. Licenses ☞32(2)—Pleadings—Causes of Action Improperly United.**

On suit to foreclose a tax lien on personal property there were two causes of action. In the first, it was alleged that the property was used by Meyers and other persons to plaintiff unknown; in the second, it was alleged the property was used by Meyers and Roden and Estus. *Held*, if a personal judgment were sought, it would be a clear case of misjoinder, since there would have to be different judgments against different defendants; the pleadings are sufficient to sustain the lien on the personal property; demurrer overruled.

**3. Licenses ☞28—Partnership ☞101—Taxation.**

When several partners engage in the canning business in Alaska, each is liable for the taxes accruing in each year. If other partners are also liable with him for the tax, he can enforce contribution against them.

This is an action by the Territory of Alaska against Charles B. Meyers and Roland A. Carl, to enforce a statutory lien upon certain personal property owned by defendants, for the collection of taxes for the canning of salmon in the years 1921 and 1922.

The defendants have demurred to plaintiff's complaint upon four grounds, as follows:

First.   That the court has no jurisdiction of the subject of the action.

Second.   That there is a defect of the parties defendant.

Third.   That several causes of action have been improperly united.

Fourth.   That the said complaint and each cause thereof does not state facts sufficient to constitute a cause of action in favor of said plaintiff and against said defendants.

John Rustgard, Atty. Gen., and Sherman Duggan, U. S. Atty., of Ketchikan, for the Territory.

Arthur Frame, of Anchorage, and Anthony J. Dimond, of Valdez, for defendants.

RITCHIE, District Judge. The first ground of demurrer, that the court has no jurisdiction of the subject of the action, appears to me to be wholly untenable.

The second ground, that there is a defect of parties defendant, while its purport is plain, cannot be sustained. Both common-law and code pleading require that a demurrer upon any ground, except the demurrer to the jurisdiction of the court and the general demurrer, must specifically point out the fault alleged. This is clearly set forth in State v. Metschan, 32 Or. 372, 46 P. 792, 41 L. R. A. 692, an Oregon case. In the opinion Mr. Justice Bean says:

"At common law a demurrer for want of necessary parties defendant was required to point out, either by name or in some other definite way, from the facts stated in the bill, those who should have been, and who were not, made parties to the suit, so as to enable the plaintiff to obviate the objection by bringing them in (Story, Eq. Pl. § 543 * * *), and this rule has not been abrogated by the provisions of the Code."

After citing other authorities, Justice Bean says:

"The language of the demurrer in this case is 'that there is a defect of parties plaintiff and defendant,' and this, as we have seen, is insufficient."

The third ground, "that several causes of action have been improperly united," at first glance appears plausible, since there are two causes of action; and, while both allege that the property is owned by Meyers, the first alleges that the property was used by Meyers, and other persons to plaintiff unknown, in the canning business in the year 1921, while the second cause of action alleges that the property was used by Meyers, Henry Roden, and W. A. Estus in the year 1922 in the canning business. If a personal judgment were sought, it would be a clear case of misjoinder, since there would have to be different judgments against different defendants. But no personal judgment is sought—only the enforcement of a lien against property, by virtue of section 10, chapter 31, of the Laws of the Legislature of 1921, reading as follows:

"Section 10. All taxes levied, laid or provided for in this act, and penalties and interest accrued, are hereby declared to be a lien upon the real and personal property of the person, firm or corporation liable therefor, paramount and superior to all mortgages, hypothecations, conveyances and assignments."

Since the only remedy sought is the enforcement of this statutory lien against the property described, and the complaint alleges in both causes of action that the property is owned by Charles B. Meyers, and that Roland A. Carl claims some interest in it, the other persons named are not involved in the case, so far as the complaint shows. If they claim an interest in the property, it is their privilege to come in by complaint in intervention and set up their claims.

The fourth ground of the demurrer is the general demurrer that the complaint does not state facts sufficient to constitute a cause of action against the defendants. In the oral argument it was urged by counsel that the territory cannot claim a lien upon the property under section 10 of the act of 1921, for the reason that this section merely declares that taxes accruing under the act are liens upon the real and personal property of the person, firm, or corporation liable therefor, while in this case it is alleged that the property is owned by defendant Meyers, and that the defendant Carl claims some interest in it, and in each of the years named the taxes claimed are alleged to have been incurred by an association of persons, including Meyers, operating under the name of the Seldovia Canning Company. I am unable to see that this fact impairs the right of the territory in the premises. Meyers is alleged to own the property, and was a member of the Seldovia Canning Company each year. He, as one of the partners, is liable for the taxes accruing in each year. It is not apparent to me that the complaint seeks to invade any right of his, or to impose any liability upon him, not imposed upon him by law. If other persons are liable with him for the tax, he can enforce contribution against them hereafter.